# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN BORENSTEIN, | CASE NO. 1:12-cv-01332 GSA PC |
| Plaintiff, | ORDER DISMISSING COMPLAINT, WITH LEAVE TO FILE AMENDED COMPLAINT WITHIN THIRTY DAYS |
| v. | |
| DR. TATE, et al., | (ECF No. 1) |
| Defendants. | |

**Screening Order**

**I.      Screening Requirement**

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff has consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c).

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

///

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

## II. Plaintiff's Claims

Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation at CCI Tehachapi, brings this civil rights action against defendant correctional officials employed by the Department of Corrections and Rehabilitation at CCI Tehachapi. Plaintiff names as Defendants Dr. Tate and Chief Medical Officer Dr. Joaquin.

Plaintiff alleges that he suffers from a dislocated shoulder and that Dr. Tate and Dr. Joaquin refused to provide proper medical care. Plaintiff suffers from a dislocated shoulder, and alleges that Dr. Tate is disregarding Plaintiff's request to "put it back in place." Plaintiff alleges that Dr. Tate told him that it would "stay like this."

### A. Medical Care

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 295 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th

1  Cir. 1997) (en banc) (internal quotations omitted)).  Deliberate indifference is shown by "a
2  purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused
3  by the indifference." Id. (citing McGuckin, 974 F.2d at 1060).  Where a prisoner is alleging a delay
4  in receiving medical treatment, the delay must have led to further harm in order for the prisoner to
5  make a claim of deliberate indifference to serious medical needs. McGuckin at 1060 (citing Shapely
6  v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

7  Taking Plaintiff's allegations to be true and construing the allegations liberally,  Plaintiff
8  suffers from a dislocated shoulder ant defendants have failed to treat Plaintiff's condition.  However,
9  Plaintiff's allegations are contradicted by his exhibit.[1]  Plaintiff attaches as an exhibit to his
10 complaint a copy of a response to an inmate grievance he filed regarding his dislocated shoulder.
11 The response, from California Correctional Health Care Services, references the Third Level
12 Response, and indicates the following:

> Your CDCR 602-HC, received on July 24, 2012, stated you dislocated your shoulder and need medical help.  You contend Dr. Tate said it will remain dislocated and you are in a lot of pain.  You requested the following: To have your shoulder put back in place and get proper medical care.  The institution's response stated your appeal was partially granted and indicated the following . . . on July 23, 2012, you were seen at which time four attempts at reduction were made unsuccessfully.  On July 25, 2012, two attempts were made using straight line horizontal traction and scapular manipulation unsuccessfully.  During this encounter, you were seen by Dr. Tate who noted in your case history you have had seven shoulder surgeries and numerous non-surgical reduction attempts by medical staff, attempts at reduction are clinically unlikely to result in a permanent solution to the dislocated shoulder.  However, you will continue to be monitored and treated appropriately. . . . Records reveal from June 20 through August 8, 2012, medical staff is aware of your chronic left shoulder dislocation.  You have had seven previous surgeries, have been seen numerous times by the PCP, and have been evaluated and treated by two orthopedic surgeons.

Plaintiff is advised that Defendants may only be held liable for deliberate indifference to Plaintiff's condition.  The exhibit attached to Plaintiff's complaint indicates that Defendants

---
[1]The court is not required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint.  See Lovell v. Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002); Steckman v. Hart Brewing, 143 F.3d 1293, 1295-96 (9th Cir. 1998).

3

responded to Plaintiff's dislocated shoulder, and several attempts to reduce it were made. That Plaintiff's dislocated should can not be reduced does not subject Defendants to liability for deliberate indifference. Plaintiff cannot prevail in a section 1983 action where only the quality of treatment is subject to dispute. Sanchez v. Vild, 891 F.2d 240 (9th Cir. 1989). Mere difference of opinion between a prisoner and prison medical staff as to appropriate medical care does not give rise to a section 1983 claim. Hatton v. Arpaio, 217 F.3d 845 (9th Cir. 2000); Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981). Plaintiff has alleged, at most, facts indicating that he was treated, and that he is dissatisfied with the course of treatment. A disagreement with the course of treatment fails to state a claim for relief. The complaint must therefore be dismissed. Plaintiff will, however, be granted leave to file an amended complaint.

### III. Conclusion and Order

The Court has screened Plaintiff's complaint and finds that it does not state any claims upon which relief may be granted under section 1983. The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff is cautioned that he may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George, 507 F.3d at 607 (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Hydrick, 500 F.3d at 987-88. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 554 (2007) (citations omitted).

Finally, Plaintiff is advised that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at

1474.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim;
2. The Clerk's Office shall send to Plaintiff a complaint form;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint;
4. Plaintiff may not add any new, unrelated claims to this action via his amended complaint and any attempt to do so will result in an order striking the amended complaint; and
5. If Plaintiff fails to file an amended complaint, the Court will recommend that this action be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

**Dated:** **December 13, 2012**                         /s/ **Gary S. Austin**
                                                  UNITED STATES MAGISTRATE JUDGE